## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

| | |
|---|---|
| BRANDI SCHUDY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 06-00136-CV-W-DW |
| ) | |
| GREGORY GORDON, M.D., ) | |
| ) | |
| Defendant. ) | |

# ORDER

Plaintiff Brandi Schudy sues Defendant Gregory Gordon for battery, alleging he "acted in a sexually and offensive manner, grabbing plaintiff's buttocks without her authorization or consent." Before the Court are Schudy's motion to remand (Doc. 6) and Gordon's motion to dismiss (Doc. 2). Both motions are denied.

The Court first addresses the motion to remand. An action may be removed by a defendant where the case falls within the original jurisdiction of the district courts. 28 U.S.C. § 1441(a). If it appears that the case was not properly removed because it was not within the original subject matter jurisdiction of the United States district courts, the district court must remand the case to the state court from which it was removed. 28 U.S.C. § 1447. District courts have original jurisdiction over all civil actions where the adverse parties are citizens of different states and the amount-in-controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332. Here, complete diversity of citizenship is uncontroverted. The appropriateness of removal turns on whether the amount-in-controversy requirement is satisfied.

Where state law prohibits a plaintiff from specifying in the complaint the amount of

damages sought, the removing party must prove by a preponderance of evidence that the amount in controversy exceeds $75,000.  See In re Minnesota Mut. Life Ins. Co. Sales Practices Litig., 346 F.3d 830, 834 (8th Cir. 2003).  If a defendant satisfies its burden of proving by a preponderance of the evidence that the amount-in-controversy is greater than the jurisdictional amount, the plaintiff can defeat removal by showing to a legal certainty that recovery cannot exceed the jurisdictional amount.  See Neighbors v. Muha, 2005 WL 2346968, at *2 (W.D. Mo. Sept. 26, 2005).  A plaintiff might meet that burden by citing a state law or a binding stipulation that limits the plaintiff's recovery of damages.  Id.

To meet its burden of demonstrating that the amount-in-controversy requirement is satisfied, the removing party must present specific facts or evidence.  Hill v. Ford Motor Co., 324 F. Supp. 2d 1028, 1036 (E.D. Mo. 2004).  This evidence may include a plaintiff's conduct and representations, including settlement offers by the plaintiff exceeding the jurisdictional amount, the plaintiff's refusal to stipulate that she would not demand more than the jurisdictional amount, or an extensive list of serious and disabling injuries suffered by the plaintiff.  See Halsne v. Liberty Mutual Group, 40 F. Supp. 2d 1087, 1091 (N.D. Iowa 1999).

In the petition, Schudy claims the battery against her caused "embarrassment, mental aguish, humiliation and the right to be free of battery, violence, debauchery and crass sexually offensive behavior on the part of the defendant."  She seeks a reasonable sum in excess of $25,000 for actual damages, $25,000 in punitive damages, and other relief deemed just and proper.  From the nature of the claim and allegations, the Court concludes that a jury could award damages over $75,000.  See Schaeffer v. Security Mgmt. Servs., No. 04-06073, slip op. at 3-4 (W.D. Mo. Sept. 13, 2004) ("Based on the claims asserted by Schaeffer and this Court's

experience in presiding over such claims, the Court has no difficulty in concluding that it 'is facially apparent from the Petition that the plaintiff claims damages exceeding $75,000.'"); see also, e.g., Lynn v. TNT Logistics (Jackson County, Mo. 2006) (awarding $6.8 million punitive damages in MHRA sexual harassment case). And Schudy cannot show to a legal certainty that recovery cannot exceed the jurisdictional amount. See Neighbors, 2005 WL 2346968, at *2 (W.D. Mo. Sept. 26, 2005). In fact, Gordon presents evidence that Schudy declines to stipulate that the amount in controversy is less than $75,000. This reinforces the Court's amount-in-controversy decision. See Shaeffer, No. 04-06073, slip op. at 3-4 (W.D. Mo. Sept. 13, 2004). Because a preponderance of evidence supports federal jurisdiction, the motion to remand will be denied.

As for the motion to dismiss for lack of service, the Court concludes that Schudy has good cause for her failure to serve Gordon. See Fed. R. Civ. P. 4(m). Therefore, the Court will deny the motion to dismiss, and allow service out of time.

The Court hereby

DENIES the motion to remand (Doc. 6);

DENIES the motion to dismiss (Doc. 2); and

ORDERS that Schudy may serve Gordon within 30 days of the date of this order.

SO ORDERED.

                                                  /s/ DEAN WHIPPLE
                                                       Dean Whipple
                                             United States District Judge

Date: March 28, 2006